William C. EULER, Appellant,

v.

Nancy Lee WALLER, a minor, by her Guardian, Robert Lewis McCollar, Appellee.

No. 6787.

United States Court of Appeals Tenth Circuit.

Oct. 26, 1961.

Joseph A. Sommer, Santa Fe, N. M. (McKenna & Sommer, Santa Fe, N. M., on the brief), for appellant.

John R. Wall, Pueblo, Colo. (Daniel W. Caldwell, Springer, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant objects to the allowance of certain costs to the appellee-

plaintiff who, in a jury trial, recovered a substantial judgment for personal injuries received in an automobile accident. Over the objection of the defendant the court awarded as costs $1,100 for attendance by doctors at depositions and court and $64.77 for the preparation by a surveyor of a map of the scene of the accident.

■■ The taxing of costs, except as otherwise provided by statute, rests largely in the sound judicial discretion of the trial court which will be upset on appeal only in the event of abuse.[1] Rule 54(d), F.R.Civ.P., 28 U.S.C.A., pertains to the allowance of costs but says nothing as to the items for which costs may be allowed or the amount thereof. In 28 U.S.C. § 1920(3) it is provided that there may be taxed as costs "Fees and disbursements for printing and witnesses." Witness fees are covered by 28 U.S.C. § 1821 which allows witnesses attending federal courts or depositions taken pursuant to rule or court order $4 for each day's attendance plus mileage and, in some instances, subsistence. For compelling reasons of justice in exceptional cases allowances may be made of items of cost not authorized by the statutes.[2]

■ The allowance of expert witness fees runs contrary to Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386, wherein it was held that a United States district court had no power to allow expert witness fees and to include them as part of the taxable costs in a law case. While that decision came before the Federal Rules of Civil Procedure and involved the predecessor statute to § 1821, we find nothing in either the rules or the present statute to cast doubt on the applicability of the Henkel decision.[3]

---

1. T. & M. Transp. Co. v. S. W. Shattuck Chemical Co., 10 Cir., 158 F.2d 909, 911.

2. Sprague v. Ticonic National Bank, 307 U.S. 161, 176, 59 S.Ct. 777, 83 L.Ed.

1184; Specialty Equipment & Machinery Corp. v. Zell Motor Car Co., 4 Cir., 193 F.2d 515, 521.

3. This conclusion is fortified by the Report of the Senate Committee on the bill

▮▮ The allowance for the map prepared by the surveyor presents a different problem. No provision is made by the statute for the taxation of any such item as costs. The cases are not in harmony on the question of whether costs may be allowed for such items as models, wall charts, maps, and photographs.[4] In our opinion when costs are sought for items not listed in § 1920 the procedure to be followed is an application to the court in advance of trial for an approving order. This allows the exercise of judicial discretion and at the same time conforms with the holding in Ex parte Peterson, 253 U.S. 300, 315, 40 S.Ct. 543, 64 L.Ed. 919, which recognized the inclusion in taxable costs of "expenditures incident to the litigation which were ordered by the court because deemed essential to a proper consideration of the case by the court or the jury." In the case now before us there was no advance approval. The cost of the map is disallowed.

The judgment as to costs is reversed with direction to reduce the allowance of costs by $1,167.

which became § 1821. Senate Report No. 187, 81st Congress, First Session, U.S. Cong.Serv.1949, vol. 2, pp. 1231, 1232, favorably recommending enactment of the bill, said: "The amounts arrived at in this bill are considered to be more fair than presently existing amounts, although it is recognized that certain witnesses will not, under the proposed rates, be adequately compensated. In order to fairly compensate everyone appearing as a witness it would be necessary to have either a graduated scale of fees, or, leave the amount of such fees in the discretion of the judge. Neither was considered feasible, and therefore the amounts arrived at herein are more or less arbitrary, but considered to be reasonably fair to the average witness."

4. In the following patent cases costs of models were disallowed: Specialty Equipment & Machinery Corp. v. Zell Motor Car Co., 4 Cir., 193 F.2d 515; Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; T. H. Symington & Sons, Inc., v. Symington Co., D.C., 12 F.Supp. 391; and Galion Iron Works & Mfg. Co. v.

Beckwith Machinery Co., D.C., 25 F. Supp. 591. Cf. Swan Carburetor Co. v. Chrysler Corporation, 6 Cir., 149 F.2d 476. In Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 99 F.2d 648, an allowance for charts was approved but an allowance for models disapproved. The cost of charts was allowed in Appliance Inv. Co. v. Western Electric Co., Inc., 2 Cir., 61 F.2d 752, but disallowed in Gotz v. Universal Products Co., D.C., 3 F.R.D. 153, and Goodrich v. Ford Motor Co., D.C., 55 F.Supp. 792, affirmed 6 Cir., 97 F.2d 427. Models and charts were disallowed in Prashker v. Beech Aircraft Corporation, 24 F.R.D. 305, affirmed 3 Cir., 258 F.2d 602, 76 A.L.R. 2d 78 (an airplane accident case). Photograph costs were disallowed in Allen v. County School Board of Prince Edward County, Va., D.C., 164 F.Supp. 786, reversed on other grounds, 4 Cir., 249 F.2d 462, reversed on other grounds 4 Cir., 266 F.2d 507, certiorari denied 361 U.S. 830, 80 S.Ct. 79, 4 L.Ed.2d 72 (a school segregation case). The cost of a map was allowed in Hancock v. Albee, D.C., 11 F.R.D. 139 (an automobile accident case).