**Frederick O. MORGAN and Gloria H. Morgan, Plaintiffs,**

v.

**Enoch L. KIGHT, Defendant.**

**Civ. No. 564.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Nov. 25, 1968.

John H. Hall, John H. Hall, Jr., Elizabeth City, N. C., W. W. Jones, Suffolk, Va., for plaintiffs.

Charles C. Shaw, Jr., Elizabeth City, N. C., for defendant.

MEMORANDUM OPINION

KELLAM, District Judge (under designation).

Plaintiffs move the Court for an allowance of expert witness fees for Dr. Donald S. Howell of Suffolk, Virginia, and Dr. Thomas P. Nash of Elizabeth City, North Carolina, who appeared and testified in this case. Defendant opposes such motion. Hence, the issue presented is whether the Court can and should make allowance of expert witness fees to be taxed as a part of the cost of the unsuccessful party in a court action pending in this Court.

Rule 54(d) of the Federal Rules of Civil Procedure provides:

"Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs

against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court".

█ Title 28, § 1920 provides that a judge or clerk of any Court of the United States may tax as cost, "(3) Fees and disbursements for printing and witnesses". Section 1821 of the same Title provides that a witness attending a Court of the United States "shall receive $4 [1] for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence". Under certain circumstances described in the statute—not pertinent here—allowances for actual cost of travel and subsistence are made. As will be noted Rule 54(d) quoted above does not set forth what items of cost may be allowed or the amounts. It therefore appears that except as otherwise provided by statute the taxing of cost, to a large degree, rests in the sound judicial discretion of the trial court,[2] subject to being overruled on appeal if the discretion is abused. The Supreme Court of the United States in Farmer v. Arabian American Oil Company, 379 U.S. 227, at page 235, 85 S.Ct. 411, at page 416, 13 L.Ed.2d 248, said, "the discretion given district judges to tax cost should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation".

In Henkel v. Chicago, etc. Ry., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386, in disallowing a claim for expert witness fees, the Court referred to the specific provisions of the statute enacted by Congress for allowances for witness fees [formerly Title 28, § 600 etc., now Title 28, § 1821, etc.] saying that "[U]nder these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts". And the Court continued, saying Congress "has definitely prescribed its own requirements with respect to the fees of witnesses", and it has "made no exception of the fees of expert witnesses".

The report of the Senate Committee on Judiciary in reporting the bill to increase allowance of witness fees from $2.00 per day to $4.00 per day, 81st Congress, First Session, 1949, Vol. 2, page 1231, U.S. Code Congressional Service, in stating the purpose of the bill said:

"The amounts arrived at in this bill are considered to be more fair than presently existing amounts, although it is recognized that certain witnesses will not, under the proposed rates, be adequately compensated. In order to fairly compensate everyone appearing as a witness it would be necessary to have either a graduated scale of fees, or, leave the amount of such fees in the discretion of the judge. Neither was considered feasible, and therefore the amounts arrived at herein are more or less arbitrary, but considered to be reasonably fair to the average witness".

In Green v. American Tobacco Company, 304 F.2d 70, 77 (5 Cir. 1962), the court held that a "district court had no authority to tax costs for compensation to an expert witness in excess of the statutory attendance per day, mileage and subsistence allowance". To the same effect, see: United States v. Kolesar, 313 F.2d 835, 837 (5 Cir. 1963); Euler v.

---

1. Changed by amendment to $20.00 for each day, effective December 22, 1968, etc.

2. Farmer v. Arabian American Company, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed. 2d 248 (1964); Vol. 3, § 1195, page 44, Federal Practice and Procedure, Barron and Holtzoff, and cases collected in note 77; Euler v. Waller, 295 F.2d 765, 97 A.L.R.2d 135 (10 Cir. 1961); Moylan v. AMF Overseas Corp., 354 F.2d 825, 829 (9 Cir. 1965).

Waller, 295 F.2d 765, 766, 97 A.L.R.2d 135 (10 Cir. 1961); Cheatham Electric Switching Device Co. v. Transit Development Co., 261 F. 792, 796 (2 Cir. 1919); Firtag v. Gendleman, 152 F.Supp. 226 (Dist.Ct.D.C.1957); In Re Carolina Cooperage Co., 96 F. 604 (D.C.N.C. 1899); Commerce Oil Refining Corp. v. Miner, 198 F.Supp. 895 (D.C.R.I.1961).

█ Since the allowance of "costs" is largely in the discretion of the trial court [subject to review], there are cases when cost in excess of the 100 miles and per diem may be allowed. Farmer v. Arabian American Oil Company, supra, Moylan v. AMF Overseas Corp., 354 F.2d 825, 829 (9 Cir. 1965), but the better rule seems to require the court's approval before the expense is incurred. Euler v. Waller, supra; Department of Highways v. McWilliams Dredging Co. (D.C. La.1950), 10 F.R.D. 107, affirmed 187 F.2d 61 (5 Cir.).

█ I am therefore of the opinion that the expense of attendance of an expert witness should not be taxed as cost beyond his mileage at 8 cents per mile, plus $4.00 per day.