**Monte GIBSON, Park City Limited, and Montgomery Real Estate, Inc., Plaintiffs-Appellants,**

**v.**

**GREATER PARK CITY COMPANY, a Utah corporation, Park City Municipal Corporation, Nick Badami, Jack W. Davis, Park City Village, Inc., a California corporation, William Ligety, Arlene Loble, and Ronald Ivie, Defendants-Appellees.**

**Nos. 84–1829, 84–2209.**

United States Court of Appeals, Tenth Circuit.

May 7, 1987.

Joseph M. Alioto of Alioto & Alioto, San Francisco, Cal. (Daniel R. Shulman of Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., with him on the briefs), for plaintiffs-appellants.

Gordon Strachan (James A. Boevers with him on the brief) of Prince, Yeates & Geldzahler, Salt Lake City, Utah, for defendants-appellees Greater Park City Co. and Nick Badami.

Stewart M. Hanson, Jr. (Michael W. Homer with him on the brief) of Suitter, Axland, Armstrong & Hanson, Salt Lake City, Utah, for defendants-appellees Park City Mun. Corp., William Ligety, Arlene Loble and Ronald Ivie.

Stephen G. Crockett (Michael M. Later with him on the brief) of Rooker, Larsen, Kimball & Parr, Salt Lake City, Utah, for defendants-appellees Jack W. Davis and Park City Village, Inc.

Before SEYMOUR and TACHA, Circuit Judges, and WEINSHIENK, District Judge.*

TACHA, Circuit Judge.

This litigation arose out of attempts to develop a condominium and retail shopping area at a ski resort in Park City, Utah. Appellants allege that the appellees violated federal antitrust and civil rights laws by conspiring to prevent the development of Gibson's property. The district court granted summary judgment for all appellees and awarded certain deposition costs to the appellees. Both rulings are challenged on appeal. This court has jurisdiction under 28 U.S.C. § 1291. We must decide whether summary judgment is appropriate in a case where many of the allegations relate to the motive and intent of the defendants. We must also decide if the district court abused its discretion in awarding costs.

## I.

■ Summary judgment is to be granted if "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), a case decided by the United States Supreme Court after the dis-

trict court entered judgment in this case, provides the most recent guidance for the application of Rule 56(c) in an antitrust suit. In *Matsushita* the Court considered "the standard district courts must apply when deciding whether to grant summary judgment in an antitrust conspiracy case." *Id.* at 1351. The Court stated:

Respondents correctly note that "[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). But antitrust law limits the range of permissible inferences from ambiguous evidence in a § 1 case. Thus, in *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984), we held that conduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy. *Id.*, at 764, 104 S.Ct., at 1470. See also *[First National Bank of Arizona v.] Cities Service [Co.]*, *supra*, 391 U.S. 253, at 280, 88 S.Ct. 1575, at 1588, 20 L.Ed.2d 569 [ (1968) ]. To survive a motion for summary judgment or for a directed verdict, a plaintiff seeking damages for a violation of § 1 must present evidence "that tends to exclude the possibility" that the alleged conspirators acted independently. 465 U.S., at 764, 104 S.Ct., at 1471. Respondents in this case, in other words, must show that the inference of conspiracy is reasonable in light of the competing inferences of independent action or collusive action that could not have harmed respondents. See *Cities Service, supra*, 391 U.S., at 280, 88 S.Ct., at 1588.

*Id.* at 1356–57. *See also Great Escape, Inc. v. Union City Body Co., Inc.*, 791 F.2d 532, 536–37 (7th Cir.1986) (affirming summary judgment); *Apex Oil Co. v. DiMauro*, 641 F.Supp. 1246, 1254–57 (S.D.N.Y 1986) (granting summary judgment). *Mat-*

---

* The Honorable Zita L. Weinshienk, United States District Judge for the District of Colorado, sitting by designation.

*sushita,* then, establishes a two-part inquiry for evaluating the propriety of summary judgment in an antitrust conspiracy case: (1) is the plaintiff's evidence of conspiracy ambiguous, *i.e.,* is it as consistent with the defendants' permissible independent interests as with an illegal conspiracy; and, if so, (2) is there any evidence that tends to exclude the possibility that the defendants were pursuing these independent interests.

The district court in this case granted summary judgment to the defendants after having exhaustively recounted the events which the appellant alleges constitute a violation of the antitrust laws. Having independently reviewed the record in this case, including those factors that appellant alleges the district court ignored, we agree with the statement of facts in the memorandum decision and order of the district court and incorporate it as a part of this order. *Gibson v. Greater Park City Co.,* No. C–81–0823W, slip op. at 1–68 (D.Utah Apr. 30, 1984) [Available on WESTLAW, DCT database]. Therefore, additional recital of the facts in this opinion is unnecessary.

The district court relied on *Westborough Mall v. City of Cape Girardeau,* 693 F.2d 733 (8th Cir.1982), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2122, 77 L.Ed.2d 1303 (1983), in granting summary judgment for the defendants. We now have the more recent and more authoritative standards established by the Supreme Court in *Matsushita,* so we decline to follow *Westborough Mall* here. Further, it is unclear from the district court opinion whether the court concluded that there was no evidence from which a conspiracy could be inferred or whether Gibson failed to present any evidence that tended to exclude the possibility that the alleged conspirators acted independently. ' Our review of the record shows that evidence upon which the plaintiffs rely is ambiguous. On the basis of *Matsushita,* we affirm the grant of summary judgment because Gibson failed to present any evidence that would tend to exclude the possibility that the alleged conspirators acted independently.

The standard for summary judgment set forth in *Matsushita* requires an examination of the inferences that can be drawn from the defendants' conduct. Plaintiffs offered evidence that they claim supports their allegation that the defendants acted with a conspiratorial motive. This includes evidence that: (1) Gibson was encouraged to abandon the commercial space planned for his project; (2) the transit center was located away from Gibson's project; (3) Gibson encountered problems during the construction of his project; (4) Gibson was required to provide a specified number of parking spaces for his project; (5) Gibson was required to provide underground setbacks for his project; (6) limitations were placed on the height of Gibson's buildings; (7) variances for the construction of the project were conditioned on approval by the neighboring landowners; (8) the defendants issued two stop work orders for Gibson's project; (9) one of the defendants advised that work be done for other defendants "before they forget how grateful they are;" (10) free ski passes were offered to numerous city officials; (11) one of the defendants made a contribution to a local art center designated "In Memoriam M. Gibson;" (12) it was contemplated that the capacity of the ski area be limited to 10,000 skiers; (13) it was uncertain whether any additional parking was needed at the resort; (14) Davis received approval for the construction of Park City Village; and (15) Davis acted to assure the viability of the Park City Village project.

■ Plaintiffs attribute a conspiratorial motive to each of these actions. Respondents, however, have offered plausible, nonconspiratorial explanations for each of the actions about which petitioner complains. Park City and its employees and agents were appropriately concerned about enforcement of the city codes with respect to parking spaces, height restrictions, traffic patterns, setback requirements, and construction limitations. Greater Park City Corporation was appropriately concerned with enforcement of a deed restriction and settlement agreement and with protection of its own property and easements. Davis and Park City Village were

appropriately concerned about the construction and requisite governmental approvals for development of their property. Appellants argue that Davis was concerned that a rival development on Gibson's property would threaten Davis' own project, but we have found no evidence to suggest that Davis' ability to proceed with the Park City Village project was in any way dependent on Gibson not proceeding with the development of his property. The plaintiffs' evidence is as consistent with the defendants' permissible independent interest as with an illegal conspiracy. Thus, the evidence is ambiguous as required under the first prong of *Matsushita*.

Having determined that the evidence presented by the plaintiffs is ambiguous, we proceed to the second prong of the *Matsushita* test. Once the defendants offered evidence of legitimate business reasons for their conduct, the plaintiffs had the burden of providing evidence which tends to exclude the possibility that the alleged conspirators acted independently. *Matsushita*, 106 S.Ct. at 1357. All of the evidence presented by the plaintiffs is ambiguous: it can support either a permissible or a conspiratorial motive. There is no evidence that tends to exclude the possibility that the defendants were pursuing independent interests. Therefore, the independent plausible explanations for the defendants' conduct bring this case within the *Matsushita* test for awarding summary judgment in a case alleging a conspiracy to violate the antitrust laws.

## II.

■ The district court awarded to appellees the costs for depositions of their employees and persons within their control. It is clear from the record that these depositions were important probative factors in the disposition of the motion for summary judgment. The district court said:

> The court is persuaded that the complexity and seriousness of the legal issues and factual allegations raised by the plaintiffs made the depositions necessary to this case. The court relied extensively upon the depositions ... in considering and deciding the motions for summary judgment.

*Gibson v. Greater Park City Co.*, No. C-81-0823W, slip op. at 3 (D.Utah, Aug. 1, 1984) (footnote omitted). Thus, the trial judge concluded that the depositions were necessary to decide the case and appropriate costs should be awarded to the prevailing party under Fed.R.Civ.P. 54(d). "The trial court's discretion with regard to what costs in the taking of depositions are reasonably necessary to the litigation will not be disturbed on appeal unless abused." *Moe v. Avions Marcel Dassault-Brequet Aviation*, 727 F.2d 917, 936 (10th Cir.), *cert. denied*, 469 U.S. 853, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984). In reviewing this case this court, too, has relied upon the depositions in controversy. Therefore, we certainly cannot say that the trial judge abused his discretion in allowing the costs of these depositions.

WE AFFIRM.