65 F.3d 179
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joan WILLBANKS, Plaintiff-Appellant,
v.
Mel WOODROW, individually and in his capacity as an Agent of
Oklahoma Bureau of Narcotics and Dangerous Drugs;
Oklahoma Bureau of Narcotics and
Dangerous Drugs, Defendants-Appellees.
 Nos. 94-6311
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.[2]
 
 
 2
 In the first of these companion appeals (No. 94-6311) plaintiff Joan Willbanks assigns error to the district court's order granting the motion of defendant Mel Woodrow (defendant) for summary judgment based on qualified immunity in this 42 U.S.C.1983 suit.[3] On appeal plaintiff argues that (1) the district court applied the wrong standard in making its summary judgment decision; (2) Oklahoma law should be applied in evaluating whether there was probable cause for a search warrant; and (3) defendant should be held personally liable for plaintiff's alleged injuries incurred during the search.
 
 
 3
 In the second appeal (No. 94-6422) plaintiff challenges the district court's cost award.
 
 
 4
 * Wesley Willbanks, plaintiff's son, was arrested by agents of the Oklahoma Bureau of Narcotics and Dangerous Drugs (OBNDD) on charges of trafficking in marijuana. At the time of his arrest, his house was searched and evidence was seized. Immediately following Willbanks' arrest, defendant obtained a search warrant for plaintiff's home. The affidavit in support of the application for the search warrant for plaintiff's home contained the same basic facts as the affidavit presented to obtain the warrant for Willbanks' home except for three additional paragraphs. In one addition, defendant asserted that mail addressed to Willbanks was sometimes sent to plaintiff's home, and that when he called plaintiff and identified himself as a Federal Express agent with a package for Barbara Phillips, Willbanks' girlfriend, plaintiff informed him that Willbanks and Ms. Phillips often received their mail at her address. Appellant's App. at 80.
 
 
 5
 The second affidavit also stated that Willbanks had refused to give his current address or telephone number to American Paging, which supplied him with nine to ten pagers per month, id. at 78-79, and American Paging had informed defendant that in order to reach Willbanks, they would call plaintiff and leave a message which was returned by Willbanks within a few hours. Id. at 79. The affidavit further stated that public service records indicated electric service supplied to the residence of Wesley Willbanks and Barbara Phillips was billed to plaintiff's address. Id. at 78.
 
 
 6
 Based on this information, a state court judge issued a search warrant for plaintiff's home which was executed by defendant and several other agents of the OBNDD. Plaintiff alleges that the search warrant was issued without probable cause. She further asserts that during the course of the search, the agents made threats of lethal harm, pointed weapons at her, damaged her garage door, accused her of criminal activity, and made her stand up until she passed out. She contends that these injuries were foreseeable in light of defendant's negligence in obtaining an unconstitutional search warrant, and therefore, he should be held liable for the damages allegedly inflicted by the agents executing the warrant.
 
 
 7
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Rule 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 8
 Qualified immunity is an affirmative defense that protects government officials from liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An official applying for a search warrant will lose the qualified immunity protection "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-45 (1986).
 
 
 9
 If, as here, the immunity defense is raised in a motion for summary judgment, the plaintiff must initially "show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988). If plaintiff meets this burden, the defendant then assumes the normal summary judgment burden of establishing that no material issues of fact exist which would defeat defendant's claim of qualified immunity protection. Id.
 
 II
 
 10
 Initially, plaintiff argues that she did not raise defendant's state of mind as an essential element of her claim, and therefore, the district court erred when it applied the standard set forth in Bruning v. Pixler, 949 F.2d 352 (10th Cir.1991), cert. denied, 504 U.S. 911 (1992). In Harlow, the Supreme Court eliminated any consideration of the defendant's intent as it related to his knowledge of the law. 457 U.S. at 818. We held in Bruning, however, that the Harlow holding did not eliminate consideration of intent when defendant's state of mind is "an essential element" of plaintiff's claim. 949 F.2d at 356. When the defendant's state of mind is raised by the plaintiff, defendant "must do more than merely raise the immunity defense; he 'must make a prima facie showing of the "objective reasonableness" of the challenged conduct.' " Id. at 356-57 (quoting Lewis v. City of Ft. Collins, 903 F.2d 752, 755 (10th Cir.1990)) (further citation omitted). If defendant meets this burden, plaintiff then must offer sufficient evidence of defendant's culpable state of mind to survive summary judgment. Id. at 357.
 
 
 11
 Plaintiff asserts she did not allege that defendant omitted material information or that he made misleading or false statements in the affidavit thus defendant's state of mind was not an element of her claim. But even accepting plaintiff's contention that she alleged only that a reasonable officer would not have asked for a warrant based on the facts stated in the affidavit,[4] see Salmon v. Schwarz, 948 F.2d 1131, 1136 (10th Cir.1991) (appropriate inquiry is whether a "reasonably well-trained" officer would have known that the search was illegal despite judicial authorization), the district court applied the proper test for such a claim:
 
 
 12
 In Malley v. Briggs, 475 U.S. 335 (1986), the United States Supreme Court held that an officer is immune from liability for his actions in seeking a warrant unless "a reasonably well-trained officer ... would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Id. at 345 (footnote omitted). Under the facts and circumstances of this case the affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Id. (citing United States v. Leon, 468 U.S. 897, 923 (1984)). Accordingly, the Court finds defendant Woodrow is entitled to the immunity he has sought.
 
 
 13
 Appellant's App. 181-82.
 
 
 14
 We agree with the district court that defendant's lengthy affidavit contained sufficient indicia of probable cause. The affidavit set forth defendant's belief that Willbanks was "a major drug dealer," Appellant's App. 83, 179; it stated that because Willbanks used plaintiff's address and telephone number for business purposes and for receipt of mail, it was defendant's belief that Willbanks controlled the residence; and that there was probable cause to believe that a search of the residence would produce evidence of Willbanks' illegal drug activities. There is no genuine issue of material fact as to whether an "officer of reasonable competence would have requested the warrant." Malley, 475 U.S. at 346 n. 9.
 
 III
 
 15
 Plaintiff asserts that the district court should have applied Oklahoma state law in determining whether the search warrant was based on probable cause. The only authority plaintiff provides in support of this assertion is the requirement that for a remedy to lie under 1983 the defendant must have been acting under color of state law. But 1983 does not provide a means for redressing violations of state law, only for violations of federal law acting under color of state law. Jones v. City & County of Denver, 854 F.2d 1206, 1209 (10th Cir.1988). Therefore, insofar as plaintiff claims state law violations in the issuance of the search warrant, she cannot seek redress under 1983.
 
 IV
 
 16
 Finally, plaintiff claims that defendant, as the person whom she asserts obtained the search warrant without probable cause, should be held liable for the alleged unreasonable force used by the other agents conducting the search. Plaintiff does not allege that defendant was in a supervisory position during the execution of the search warrant. To impute liability in a nonsupervisory context, plaintiff must establish "cause in fact between the conduct complained of and the constitutional deprivation." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir.1990), cert. denied, 499 U.S. 976 (1991). " 'The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.' " Id. (quoting Conner v. Reinhard, 847 F.2d 384, 396-97 (7th Cir.), cert. denied, 488 U.S. 856 (1988)); see also Wulf v. City of Wichita, 883 F.2d 842, 864 (10th Cir.1989) (holding that personal liability under 1983 can be imputed if it can be shown that defendant caused the alleged violations of plaintiff's rights).
 
 
 17
 Here, plaintiff is unable to identify defendant as specifically engaging in any injurious acts during the execution of the warrant. She does not, and apparently cannot, identify the other officers who allegedly subjected her to excessive and unreasonable force while executing the warrant. The argument she makes is one of "but for" causation; that but for the search warrant the alleged excessive force would not have occurred. Even under such reasoning, in light of our conclusion that the affidavit in support of the search warrant was constitutionally sufficient, plaintiff has failed to show that defendant violated any of her constitutional rights.[5]
 
 V
 
 18
 In the companion appeal No. 94-6422, plaintiff challenges the district court's award of costs. Local Court Rule 6(E)(2) of the United States District Court for the Western District of Oklahoma states that a prevailing party shall submit an application for fees and costs "not more than fifteen (15) calendar days after entry of judgment." Here, the court granted summary judgment to defendant on August 3, 1994. As prevailing party, defendant filed an application for costs on August 19, 1994, sixteen days after entry of judgment. The clerk of the court taxed costs in defendant's favor in the amount of $919.90. Because defendant's application was one day late, plaintiff contends the application should not be allowed.
 
 
 19
 On plaintiff's motion for review, the district court held that, although defendant's application was late, there was no prejudice from the delay and the award should stand. Local Court Rule 1(D) grants the district court discretion to waive any requirement of the local rules whenever it deems the interest of justice to be served by the waiver. Plaintiff has not shown an abuse of discretion in the decision to allow the late application.
 
 
 20
 Plaintiff also contends that the district court erroneously allowed costs for copies of depositions without a separate showing of a need for copies. Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs "to the prevailing party unless the court otherwise directs." 28 U.S.C.1920 defines what costs are recoverable. We have held that this includes the costs of original depositions and copies if necessary for use in the case. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir.1983). These costs can be awarded even if the depositions are not used at trial. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1246 (10th Cir.1988).
 
 
 21
 Absent abuse of discretion, this court will not disturb the district court's determination regarding what deposition costs are reasonably necessary to the litigation. Gibson v. Greater Park City Co., 818 F.2d 722, 725 (10th Cir.1987). In Gibson, we determined that if the court relied on the depositions in deciding the case, the court did not abuse its discretion in allowing the defendant to recover the costs of the depositions. Id.
 
 
 22
 Here, the deposition copies were used for defendant's preparation of his summary judgment motion, and the court relied on the depositions in its order granting summary judgment. See Appellant's App. (No. 94-6311) 178. Therefore, although we would have preferred a more detailed explanation of the district court's decision to allow the deposition costs, there is no evidence that the district court abused its discretion in taxing the cost of deposition copies to plaintiff.
 
 
 23
 Both judgments are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because the excerpts from depositions plaintiff seeks to add in her motion to file a supplemental appendix appear never to have been in the record before the district court we deny her motion. Nevertheless, we have examined those excerpts and they would not affect the disposition of this appeal
 
 
 [3]
 Plaintiff asserted 42 U.S.C.1983 and state law claims against both defendant Woodrow and the Oklahoma Bureau of Narcotics and Dangerous Drugs under the Oklahoma Governmental Tort Claims Act. The district court dismissed the 1983 and pendent state claims against the Oklahoma Bureau of Narcotics and Dangerous Drugs. The court also granted summary judgment to defendant Woodrow on the state claims brought against him in his individual capacity as time barred. Plaintiff does not challenge these decisions on appeal
 
 
 [4]
 In her complaint plaintiff asserts that "defendant Woodrow subjected the plaintiff to these deprivations of her rights either maliciously, or by acting with a reckless disregard for whether the plaintiff's rights would be violated by his actions, or through negligence." Appellant's App. at 5. The complaint also alleged that the affidavit was "based on speculation and conjecture of the affiant, not facts." Id. at p 28. These allegations could be construed as placing defendant's state of mind at issue. Accordingly, the district court's discussion of the standard set forth in Bruning was understandable to show it considered this possible interpretation, and was not error
 
 
 [5]
 The cases cited by plaintiff in support of her contention that defendant can be held liable for the actions of the executing agents are either inapposite or distinguishable. See, e.g., Grandstaff v. City of Borger, 767 F.2d 161, 168 (5th Cir.1985) (holding all officers jointly firing at victim liable for foreseeable consequences when it cannot be determined which bullet killed victim), cert. denied, 480 U.S. 916 (1987); Melear v. Spears, 862 F.2d 1177, 1185-86 (5th Cir.1989) (liability attaches to officer actually participating in unconstitutional search even though his participation was to a lesser degree than that of his partner); Avery v. County of Burke, 660 F.2d 111, 114 (4th Cir.1981) (holding county defendants can be held liable without personal participation if their policies or custom caused plaintiff's injuries)