**F I L E D**
United States Court of Appeals
Tenth Circuit

JUN 18 1997

**PATRICK FISHER**
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT G. TILTON,

      Plaintiff - Appellant,

    v.

CAPITAL CITIES/ABC, INC., a New
York corporation;  AMERICAN
BROADCASTING COMPANIES,
INC., a Delaware corporation;  ABC
NEWS, INC., a Delaware
corporation;  DIANE SAWYER;
ROBBIE GORDON; KELLEY
SUTHERLAND,

      Defendants - Appellees.

No. 96-5041

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D. Ct. No. 92-C-1032-BU)**

---

Submitted on the briefs:[*]

J.C. Joyce and Sheila M. Bradley, Joyce and Pollard, Tulsa, Oklahoma, on the
briefs for Appellant.

---

    [*]After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is
therefore ordered submitted without oral argument.

Floyd Abrams, Susan Buckley, and David G. Januszewski, Cahill, Gordon & Reindel, New York City, New York, Clyde A. Muchmore and Mark S. Grossman, Crowe & Dunlevy, Oklahoma City, Oklahoma, on the brief for Appellees.

———————————

Before TACHA, BRISCOE, and MURPHY, Circuit Judges.

———————————

TACHA, Circuit Judge.

———————————

Robert G. Tilton appeals the order of the district court taxing him $135,830.34 in costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Tilton argues that the district court erred in taxing: (1) the transcription costs of forty-eight depositions, (2) the travel and subsistence expenses of ten deponents, (3) the copying costs of a number of deposition exhibits, trial exhibits, imaged documents, and third-party discovery documents, (4) the preparation and transcription costs of seven videotaped depositions, and (5) the translation costs for exhibits used as part of a deposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we affirm.[1]

———————————

[1] Tilton moves to strike certain exhibits from the defendants' supplemental appendix. Because none of the materials that Tilton finds objectionable were necessary to our disposition of the case, we deny Tilton's motion. See Osborne v. Babbitt, 61 F.3d 810, 814 (10th Cir. 1995).

# BACKGROUND

In 1992, Tilton sued Capital Cities/ABC, Inc., American Broadcasting Companies, Inc., ABC News, Inc., and several employees of American Broadcasting Companies, Inc., for libel and false light invasion of privacy arising out of the broadcast of two television programs in 1991 and 1992. The district court granted summary judgment in favor of all the defendants. We affirmed the orders of the district court granting summary judgment on August 27, 1996. Tilton v. Capital Cities/ABC, Inc., 95 F.3d 32 (10th Cir. 1996), cert. denied, 117 S. Ct. 947 (1997) .

On July 3, 1995, the defendants filed a bill of costs in the amount of $144,081.47 with the clerk of the district court. Tilton objected to the defendants' bill, arguing that almost all of the items were unnecessary or unallowable. On September 14, 1995, the clerk taxed costs against Tilton in the amount of $138,700.24. Tilton sought review of the award with the district court, again arguing that almost all of the items were unnecessary or unallowable. On review, the district court reduced the costs taxed to $135,830.34, concluding that the defendants' rush charges were not recoverable. Tilton now appeals the district court's order.

## DISCUSSION

**I.     TRANSCRIPTION COSTS FOR DEPOSITIONS**

Section 1920(2) provides for taxation of "[f]ees of the court reporter for all

or any part of the stenographic transcript necessarily obtained for use in the case."

 28 U.S.C. § 1920(2).  In this case, the parties deposed sixty-nine individuals

(fifty-nine by the defendants and ten by the plaintiff) for which the defendants

sought transcription costs.  The clerk taxed Tilton $48,614.44 for the transcription

costs associated with sixty-two depositions but denied the transcription costs

associated with seven depositions.  In seeking review by the district court, Tilton

argued that most of these depositions were unnecessary, irrelevant, and

cumulative.  On review, the district court upheld the taxation of costs.  The court

stated:

> Upon review, the Court is satisfied that the depositions which were cited in or submitted with the parties' briefs in regard to the summary judgment motions were necessarily obtained for use in this case.  Although the Court did not expressly cite to each and every deposition in its written order, <u>the Court considered all of the depositions submitted in determining whether summary judgment in favor of Defendants was appropriate</u>. . . .
>
>       . . . .
>
> As to the remaining depositions which were not cited in or submitted with the parties' briefs, the Court concludes that the depositions were necessarily obtained for use in the case.  The Court finds that these depositions were not taken simply for investigative purposes or for the convenience of counsel as argued by Plaintiff.  Moreover, the Court finds that these depositions were relevant to the issues in the case.  The court therefore finds that the costs for these depositions were properly taxed.

Tilton v. Capital Cities/ABC, Inc., No. 92-C-1032-BU, slip op. at 2-3 (N.D. Okla. Jan. 5, 1996) (emphasis added).

On appeal, Tilton argues that the district court abused its discretion in taxing the transcription costs associated with forty-eight of the sixty-two depositions. Tilton argues that the depositions were irrelevant and cumulative and thus asserts that the depositions were not "necessarily obtained for use in the case" as required by section 1920(2).

We will not disturb the district court's determination regarding what deposition costs are reasonably necessary to the litigation absent an abuse of discretion. Gibson v. Greater Park City Co., 818 F.2d 722, 725 (10th Cir. 1987). A district court does not abuse its discretion in taxing transcription costs associated with depositions that were "actually utilized by the court in considering [the defendant's] motion for summary judgment." Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434-35 (10th Cir. 1990); see also Gibson, 818 F.2d at 725 (finding no abuse of discretion in allowing a defendant to recover the costs of several depositions when the court relied on the depositions in deciding the case).

Of the forty-eight depositions at issue on appeal, the parties submitted all but four in support of their summary judgment briefs. The district court expressly stated that he relied on "all of the depositions submitted in determining whether

summary judgment was appropriate." Under these circumstances, we hold that the district court did not abuse its discretion in taxing the transcription costs associated with the depositions submitted by the parties in support of their summary judgment motions. Although we would have preferred a more detailed explanation of the district court's decision to allow the deposition costs, the record contains no evidence that the district court abused its discretion in taxing the cost of deposition copies to plaintiff.

With respect to the four depositions that the parties did not submit with their summary judgment briefs (Ann Boatman, James Deaton, Barbara Miller-- Volume 1, and Harold Watts), we do not consider whether the district court abused its discretion in taxing the transcription costs because the plaintiff has not included those depositions in the appellant's appendix. In this circuit and under the Federal Rules, the appellant bears the responsibility of providing this court with "an appendix sufficient for consideration and determination of the issues on appeal." 10th Cir. R. 30.1.1; see also Fed. R. App. P. 30; Shearson Lehman Bros., Inc. v. M & L Inv., 10 F.3d 1510, 1515 (10th Cir. 1993). Thus, when challenging the taxation of costs associated with a particular deposition because it was not necessarily obtained, the appellant's appendix must include the challenged deposition. Tilton has failed to provide us with the depositions of Boatman, Deaton, Miller--Volume 1, and Watts. Because the appellant's

appendix is insufficient to permit assessment of this claim of error, we must affirm. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992).

## II.    WITNESS SUBSISTENCE EXPENSES AND TRAVEL COSTS

Section 1920(3) provides for taxation of "[f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). In this case, the defendants sought reimbursement for the travel and subsistence expenses of twelve deponents. The clerk taxed the defendants $5,395.40 for the travel and subsistence expenses of ten deponents. Before the district court, Tilton objected to the taxation of witness travel and subsistence expenses on two grounds. First, Tilton argued that the depositions were not necessary. Second, Tilton argued that travel mileage costs in excess of 100 miles are not recoverable. On review, the district court concluded that the clerk's taxation of the witnesses' travel and subsistence expenses was appropriate.

On appeal, Tilton objects to the award on three grounds. First, Tilton contends that because he and the defendants each agreed to pay one-half of the travel costs of deponents who resided more than 100 miles from Tulsa, the defendants cannot recover the costs as a prevailing party. Second, Tilton argues that the district court should have limited the recovery of the deponent's subsistence expenses to the government's per diem amount under 28 U.S.C. § 1821(d)(2). Finally, Tilton reiterates his argument that travel mileage costs in

excess of 100 miles are not taxable.

We do not address Tilton's first two arguments because he raises them for the first time on appeal. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir.) (holding that an appellate court will not consider an argument for the first time on appeal "except for the most manifest error"), cert. denied, 116 S. Ct. 57 (1995). We therefore proceed to address Tilton's argument that the district court abused its discretion in taxing the travel mileage costs in excess of 100 miles. Tilton argues that because Federal Rule of Civil Procedure 45(e) does not permit the service of subpoenas outside the judicial district more than 100 miles from the place of trial, a party cannot recover transportation expenses in excess of the 100-mile limit absent special circumstances. We rejected this argument in Fleet Inv. Co., Inc. v. Rogers, 620 F.2d 792 (10th Cir. 1980):

> [A]ppellant challenges the district court's award of travel mileage costs of four witnesses beyond the 100-mile limit specified in Rule 45(e) of the Federal Rules of Civil Procedure. A district court has discretion to approve travel costs in excess of 100 miles from the place at which the trial is held, Farmer v. Arabian American Oil Co., 379 U.S. 227, 231-32 (1964), and such costs need not be approved in advance. But since such a request appeals to the court's discretion, parties who obtain a witness from outside the 100-mile limit without advance approval do so at their peril.

Id. at 794. Thus, as in Fleet, we affirm the district court's taxation of witness travel expenses beyond the 100-mile limit imposed by Rule 45(e).

## III.    EXEMPLIFICATION AND COPYING COSTS

Section 1920(4) provides for the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In this case, the clerk taxed Tilton $82,790.40 for exemplification and copies, which included: (1) $568.20 for summary judgment exhibits, (2) $692.40 for deposition exhibits, (3) $16,634.55 for trial exhibits, (4) $48,904.74 for imaged documents, and (5) $15,990.51 for third-party documents. Before the district court, Tilton objected to the taxation of costs for all of the above items except the deposition exhibits. On review, the district court stated:

> [T]he Court finds that Defendants are entitled to recover all of the costs of exemplification and copies taxed by the Court Clerk except for the rush charges in the amount of $2879.90. The court concludes that the costs of copying trial exhibits and Rule 45 documents as well as the costs of imaging documents in the Internal Data Management warehouse were necessarily incurred by Defendants.
> As to the costs for trial exhibits, the Court finds that those costs were necessarily incurred by Defendants as the Court had ordered Defendants to provide a set of trial exhibits to Plaintiff and to the Court. Although Plaintiff states that the Court did not advise Defendants in advance that Plaintiff would pay for those exhibits Plaintiff was clearly on notice under section 1920 that the prevailing party would be entitled to recover costs, including costs for trial exhibits.

Tilton, slip op. at 3-4.

On appeal, Tilton argues that the district court abused its discretion in taxing the exemplification and copying costs of the deposition exhibits, trial exhibits, imaged documents, and third-party documents. He does not appeal the taxation of costs for the summary judgment exhibits.

- 9 -

**A. Deposition Exhibits**

On appeal, Tilton argues that the deposition exhibits were not "necessarily obtained." He appeals the taxation of costs for the deposition exhibits for the same reasons that he appeals the costs for the depositions at which the exhibits were produced. We do not address this argument, however, because Tilton failed to raise it before the district court. See Sac & Fox Nation, 47 F.3d at 1063.

**B. Trial Exhibits**

With respect to the costs of the trial exhibits, Tilton argues that a prevailing party may not recover costs for the preparation of trial exhibits absent advance court approval. In Euler v. Waller, 295 F.2d 765 (10th Cir. 1961), we addressed this same argument. In Euler, the district court awarded the plaintiff costs for the preparation of a map that the plaintiff had used at trial. Reversing the award, we reasoned:

> No provision is made by the statute for the taxation of any such item as costs. The cases are not in harmony on the question of whether costs may be allowed for such items as models, wall charts, maps, and photographs. In our opinion when costs are sought for items not listed in § 1920 the procedure to be followed is an application to the court in advance of trial for an approving order. This allows the exercise of judicial discretion and at the same time conforms with the holding in Ex parte Peterson, 253 U.S. 300, 315, 40 S. Ct. 543, 64 L. Ed. 919, which recognized the inclusion in taxable costs of "expenditures incident to the litigation which were ordered by the court because deemed essential to a proper consideration of the case by the court or the jury." In the case now before us there was no advance approval. The cost of the map is disallowed.

Id. at 767; see also Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 335 (5th Cir.) ("Absent pretrial approval of the exhibits . . ., a party may not later request taxation of the production costs to its opponent."), cert. denied, 116 S. Ct. 173 (1995).

Three years after our decision in Euler, the Supreme Court decided Farmer v. Arabian Am. Oil Co., 379 U.S. 227 (1964). In Farmer, the Court concluded that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." Id. at 235. We think this language is inconsistent with Euler to the extent that Euler prohibits a district court from taxing costs for trial exhibits absent pre-trial approval. In accordance with Farmer, we reject a bright-line rule and instead examine whether the circumstances in a particular case justify an award of costs for trial exhibits. See also U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1248 (10th Cir. 1988) (affirming the district court's refusal to tax the cost of a daily transcript but noting that "if the issues in th[e] case were so complex as to justify overlooking the lack of pretrial approval, a court could have used its discretion to award the cost"); Cleverock Energy Corp. v. Trepel, 609 F.2d 1358, 1363 (10th Cir. 1979) ("The awarding of costs for preparation of exhibits is committed to the discretion of the trial court."); Mikel v. Kerr, 499 F.2d 1178, 1182-83 (10th Cir. 1974) (affirming the taxation of the costs associated with preparing a trial exhibit

without discussing whether the district court approved the exhibit prior to trial). The district court concluded that the circumstances in this case justified the taxation of the trial exhibit costs. We find nothing in the record to suggest that the district court abused its discretion in taxing these costs.

### C.    Imaged Documents and Third-Party Documents

With respect to the costs of imaging documents stored at Internal Data Management and for the costs of copying third-party documents, Tilton argues that these documents were irrelevant to the issues in the case. Tilton also asserts that much of this information was cumulative because the defendants had the information in their possession prior to the broadcasts. Thus, Tilton claims that none of these documents could have been "necessarily obtained" as required by section 1920(4). We will not disturb the district court's determination regarding what costs are reasonably necessary to the litigation absent an abuse of discretion. Gibson v. Greater Park City Co., 818 F.2d 722, 725 (10th Cir. 1987). After reviewing the record, we conclude that the district court did not abuse its discretion in taxing these costs.

## IV.   Costs for Videotape and Stenographic Transcript

Section 1920(2) provides for the taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this case, the clerk taxed the costs of both videotaping and transcribing seven depositions. Before the district court, Tilton argued that section 1920(2) excludes video depositions as taxable costs because the statute provides that a court may only tax costs of a "stenographic transcript." On review, the district court concluded:

> In addition to the stenographic transcript charges for the depositions cited to or submitted with the parties' briefs in regard to the summary judgment motions, Plaintiff challenges costs taxed for the taking of the videotape depositions. . . . Plaintiff contends that he should not be required to pay costs associated with both stenographic transcripts and videotapes of the depositions. Having reviewed the applicable authorities, the Court finds that the reasoning of Meredith v. Schreiner Transport, Inc., 814 F. Supp. 1004 (D. Kan. 1993), is sound. The Court therefore concludes that the expenses of these videotape depositions are recoverable.

Tilton, slip op. at 2-3.

We agree with the district court that the costs associated with videotaping a deposition are taxable under section 1920(2). In so holding, we recognize that section 1920(2) does not explicitly provide for the taxation of costs associated with video depositions. Federal Rule of Civil Procedure 30(b)(2)-(3), however, authorizes videotape depositions as an alternative to traditional stenographic

depositions.[2]  Interpreting section 1920(2) in conjunction with Rule 30(b)(2)-(3),

we hold section 1920(2) implicitly permits taxation of the costs of video

depositions.[3]

---

[2]  Federal Rule of Civil Procedure 30(b)(2)-(3) provides:
(2) The party taking the deposition shall state in the notice the method by which the testimony shall be recorded.  Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording.  Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.
(3) With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition.  The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

[3]  Most courts have agreed that a district court may tax the costs of a video deposition under section 1920(2).  See Morrison v. Reichhold Chems. Inc., 97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993) ("[A] district court may tax under Rule 54(d) the costs associated with the videotaping of a deposition."); Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361, 1368 (7th Cir. 1990) ("A videotaped deposition qualifies as 'other than stenographic means,' and as such is taxable as a substitute for a stenographic transcript, even though it is more expensive."); Davis v. Puritan-Bennett Corp., 923 F. Supp. 179, 180 (D. Kan. 1996) ("[T]his Court has held that deposition videotaping expenses are recoverable as costs."); Meredith v. Schreiner Transp., Inc., 814 F. Supp. 1004, 1006 (D. Kan. 1993) (noting that "numerous courts have held that costs associated with video deposition are . . . recoverable").  But see Echostar Satellite Corp. v. Advanced Communications Corp., 902 F. Supp. 213, 215 (D. Colo. 1995) ("I do not see how a videotape can be a 'stenographic transcript.'").

Moreover, we recognize that permitting recovery of the costs of video depositions comports with public policy. We see no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript. "[V]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars. [Thus, w]e must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice." Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361, 1368 (7th Cir. 1990).

Our conclusion that a district court may tax the costs of videotaping depositions under section 1920(2) does not end our inquiry. We must determine exactly what costs associated with a videotaped deposition are taxable--that is, we must decide whether the defendants may recover the costs of both videotaping and transcribing the depositions.

In this case, the district court taxed the costs of both the preparation and transcription of seven videotaped depositions. The court relied on the reasoning of Meredith v. Schriener Transport, 814 F. Supp. 1004 (D. Kan. 1993). In Meredith, the court permitted the taxation of a videotape transcript if it was "necessarily obtained for use in the case" as required by section 1920(2). The

court concluded that taxation of a transcript would be appropriate if it had "a legitimate use independent from or in addition to the videotape which would justify its inclusion in an award of costs." Id. at 1006.  The court noted that a videotape could be lost, erased, or fall prey to technical difficulty.  Id.  The court also stressed that the parties could more easily edit objectionable portions of deposition testimony from a transcript.  Id.  In addition, the court observed that appellate courts could more efficiently review claims of error relating to deposition testimony by reference to a transcript than to a videotape deposition. Id.  Finally, the court noted that in many cases, a party insists that the opposing party arrange to have a transcription made as a condition for obtaining an order allowing a videotape deposition.  Id.  Thus, the court found an independent, legitimate use for the transcript apart from the videotape and allowed the cost to be taxed.  Id.

We conclude that the district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions.[4]  We agree, under the reasoning of Meredith, that in most cases, a

---

[4] In so holding, we have reviewed the applicable authority from other circuits.  In two cases, the Seventh Circuit held that a transcript of a video deposition is not taxable under the pre-1993 version of Rule 30(b).  Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993); Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361, 1369 (7th Cir. 1990).  Prior to 1993, Rule 30(b)(4) provided that the parties could stipulate that the testimony at a deposition be recorded by nonstenographic means but that "[a] party may arrange to have a stenographic transcription made at the party's own expense." (Emphasis added).

stenographic transcript of a videotaped deposition will be "necessarily obtained

for use in the case."

We also note that our view is consistent with the obligations imposed by

the Federal Rules of Civil Procedure. In particular, Rule 26 requires a party who

has noticed a deposition to be taken by nonstenographic means to provide a

transcript to opposing parties as part of its discovery obligations. Fed. R. Civ. P.

26(a)(3)(B).[5] Rule 32(c) requires a party to provide a transcript of a video

---

The court reasoned that this language precluded a court from taxing the costs of a stenographic transcript of a videotaped deposition. Barber, 7 F.3d at 645; Commercial Credit Equip. Corp., 920 F.2d at 1369. The present case is distinguishable from Barber and Commercial Credit because the 1993 amendments to Rule 30 deleted the operative language. Rule 30(b)(2) now states that "[a]ny party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means." The phrase "at the party's own expense" is conspicuously absent. See Garonzik v. Whitman Diner, 910 F. Supp. 167, 171-72 (D.N.J. 1995) (holding that under new Rule 30(b)(2), the costs of both the preparation and transcription of a videotaped deposition is taxable).

In Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464-65 (11th Cir. 1996), the Eleventh Circuit recently discussed when a prevailing party could recover the costs of both a videotaped deposition and the transcript. The court held that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Id. at 464-65. We respectfully disagree with Morrison to the extent that the recording method contained in the deposition notice controls whether a court may tax the costs associated with the recording method. Instead, we conclude that the appropriate inquiry is whether the recording method has been "necessarily obtained for use in the case" as mandated by section 1920(2).

[5] Rule 26(a)(3)(B) states: "[A] party shall provide to other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes: . . . the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a

deposition that the party intends to offer as evidence at trial or upon a dispositive motion. Fed. R. Civ. P. 32(c).[6] Thus, in this case, the district court did not abuse its discretion in concluding that both the videotapes and transcripts were "necessarily obtained."

## V.   COSTS OF TRANSLATING DOCUMENTS

Section 1920(6) provides for taxation of "compensation of interpreters." 28 U.S.C. § 1920(6). In this case, the defendants sought to recover the costs of translating from Tamil to English certain documents that Daniel Dayanandhan produced at his deposition. Tilton objected to the award, asserting that the deposition exhibits were not necessary because the district court did not refer or rely on the exhibits in granting summary judgment for the defendants. The clerk disagreed and taxed Tilton $1,675.00 in translation expenses. Before the district court, Tilton again argued that the translation expenses were not necessary. On review, the district court concluded that taxation of the translator fees was appropriate.

---

transcript of the pertinent portions of the deposition testimony."

[6] Rule 32(c) states: "Except as otherwise directed by the court, a party offering deposition testimony pursuant to this rule may offer it in stenographic or nonstenographic form, but, if in nonstenographic form, the party shall also provide the court with a transcript of the portions so offered. On request of any party in a case tried before a jury, deposition testimony offered other than for impeachment purposes shall be presented in nonstenographic form, if available, unless the court for good cause orders otherwise."

On appeal, Tilton claims that because section 1920(6) only provides for taxation of "compensation of interpreters," translation costs are not recoverable. See Viacao Aerea Sao Paulo, S.A. v. International Lease Fin. Corp., 119 F.R.D. 435, 440 (C.D. Cal. 1988) (holding that a prevailing party could not recover translation costs under section 1920(6)). We do not address Tilton's argument, however, because Tilton failed to raise this issue before the district court. See Sac & Fox Nation, 47 F.3d at 1063.

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in taxing: (1) the transcription costs for forty-six depositions, (2) the travel and subsistence expenses of ten deponents, (3) the copying costs for numerous deposition exhibits, trial exhibits, imaged documents, and third-party documents, (4) the preparation and transcription costs for ten videotaped depositions, and (5) the translation costs for deposition exhibits. We therefore AFFIRM the order of the district court taxing Tilton $135,830.34 in costs. We DENY Tilton's motion to strike the portions of the defendants' supplemental appendix.