Olga FORSYTHE, Plaintiff,

v.

BOARD OF EDUCATION OF UNIFIED SCHOOL DISTRICT NO. 489, Hays, Kansas, Defendant.

No. 95–4195–SAC.

United States District Court, D. Kansas.

July 22, 1997.

Brent C. Moerer, Topeka, KS, for Plaintiff.

William W. Jeter, Jeter and Moran, Hays, KS, Fred W. Rausch, Jr., Fred W. Rausch, Jr., Chtd., Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

CROW, Senior District Judge.

Olga Forsythe brought this discrimination case against her former employer, the Board

of Education of Unified School District No. 480, Hays, Kansas (Board), alleging that the Board's decision to not renew her employment contract was the product of discrimination on the basis of her Hispanic accent and national origin. The Board denied liability. On February 6, 1997, this court entered an eighteen page memorandum and order granting the defendant's motion for summary judgment. *See Forsythe v. Bd. of Educ. of Unified School Dist. No. 489,* 956 F.Supp. 927 (D.Kan.1997). Judgment in favor of the defendant was entered that same day. *See* Dk. 44.

This case comes before the court upon the Board's "Motion for Clarification" (Dk.45). In that motion, the defendant questions the scope of the following language in the judgment:

> "IT IS FURTHER ORDERED that the plaintiff take nothing, that the action be dismissed on the merits, and that the defendant, Board of Education of Unified School District No. 489, Hays, Kansas, recover of the plaintiff, Olga Forsythe, their costs of action." [1]

The Board asks the court to clarify the meaning of the phrase "costs of action." Specifically, the defendant asks what amounts it expended in defending this case are included within the definition of "costs of action." The defendant also asks the court to provide guidance regarding the appropriate procedure for recovering its costs.

Forsythe succinctly responds, arguing that the "language of the Court's order is clear, unambiguous and requires no clarification." Forsythe contends that the defendant "is merely seeking legal advice from the court and that the answers to its questions are found in the Federal Rules of Civil Procedure and the District of Kansas' local rules.

The court essentially agrees with Forsythe's response. A modicum of research would have answered all of the defendant's questions regarding the definition of the phrase "costs of action" as found in the judgment entered by the court. Instead, the Board has embarked on a course that has taxed the court's limited resources for no legitimate reason. So as to foreclose any

further queries the court simply notes that the answers to the defendant's questions are found in D. Kan. Rule 54.1 ("Taxation and Payment of Costs"), the Federal Rules of Civil Procedure (*see* Fed.R.Civ.P. 54(d)(1)) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs *other than attorney's fees* shall be allowed as of course to the prevailing party unless the court otherwise directs . . .") (emphasis added), and federal statutes, *see* 28 U.S.C. § 1920 (taxation of costs). *See Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471 (10th Cir.1997) (discussing "costs" taxed under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d)).

IT IS THEREFORE ORDERED that the defendants' "Motion for Clarification" (Dk.45) is denied.

---

**1.** This language in the judgment is taken from the illustrative form found in the *Appendix of* *Forms* to the Federal Rules of Civil Procedure. *See Form 32. Judgment on Decision by the Court.*