UNITED INTERNATIONAL HOLDINGS, INC. et al., Plaintiffs,

v.

THE WHARF (HOLDINGS) LIMITED, et al., Defendants.

Civil Action No. 94–K–2560.

United States District Court, D. Colorado.

Aug. 8, 1997.

Jeffery A. Chase, Jacobs Chase Frick, Kleinkopf & Kelley, LLC, David B. Wilson, Daniel P. Maguire, Holme, Roberts & Owen, LLP, Denver, CO, for plaintiffs.

William R. Jentees, James C. Munson, Martin T. Tully, Kirkland & Ellis, Chicago, IL, Scott R. Bauers, Petrie, Bauer & Vriesman, LLP, Denver, CO, for defendants.

## ORDER ON MOTIONS DISPUTING TAXATION OF COSTS

KANE, Senior District Judge.

I entered judgment on the jury's verdicts in this case on May 21, 1997. The Judgment provided that Plaintiffs, as the prevailing party, would have their costs pursuant to Fed.R.Civ.P. 54 and D.C.COLO.LR 54.1. On July 11, 1997, the Clerk of the Court taxed $155,515.68 in Plaintiffs' costs against Defendants.

In separate motions, each side now seeks review of the Clerk's decision to tax, or to fail to tax, certain of Plaintiffs' costs. I review the issues raised *seriatim*.

### I. *DEFENDANTS' MOTION.*

Defendants challenge certain court reporter, transcription and videographer fees taxed by the Clerk, as well as certain fees and disbursements related to printing and audiovisual presentations at trial. Relying principally on *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), Defendants contend that absent "express statutory authority" under 28 U.S.C. § 1920, the Clerk was without authority to tax these costs. I disagree.

### A. *Fees and Costs Related to the Videotaping and Stenographic Transcription of Depositions.*

#### 1. *Videotape depositions.*

Defendants seek review of the $84,660.19 taxed by the Clerk as "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Included in the $84,660.19 figure was $34,211 in "Court Reporter and Videographer Fees" related to the videotaping of depositions. Defendants contend these costs are not taxable.

Defendants do not deny that these videotapes were "necessarily obtained for use in the case." Key witnesses for both sides resided in Hong Kong during the course of this litigation and their videotaped depositions were used extensively during the 11–week Denver trial. Rather, Defendants argue that, because 28 U.S.C. § 1920(2) refers only to "stenographic" transcripts, non-stenographic transcription costs such as videotaping are not taxable.

Defendants acknowledge that in *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471 (10th Cir.1997), the Tenth Circuit specifically allowed for the taxation of videotaping costs under § 1920(2). According to Defendants, however, Tilton is at odds with the United States Supreme Court's ruling in *Crawford,* which should control.[1] I disagree.

---

1. Were Defendants correct, the situation would present an interesting application of the doctrine of *stare decisis*. Because the Tenth Circuit has spoken to the precise question presented, I would be bound under the principle to follow that decision, even if I agreed the Tenth Circuit's decision was in conflict with a decision of the United States Supreme Court. As set forth more fully below, however, I do not find *Tilton* and *Craw-*

*Crawford* concerned both a different cost item (expert witness fees) and a different issue of statutory construction. At issue was not whether expert witness fees were taxable under § 1920 (it was undisputed in *Crawford* that such fees were contemplated by the "[f]ees ... for ... witnesses" language of § 1920(3)), but whether courts have the discretion under Fed.R.Civ.P. 54(d) to exceed the $30–per–day limitation on such fees found in 28 *U.S.C.* § 1821(b). Finding such discretion would render the specific statutory provisions of §§ 1920(3) and 1821(b) superfluous, the Supreme Court determined that a "reasonable reading of these provisions together" is that " § 1920 defines the term 'costs' as used in Rule 54(d)" and that § 1821(b) sets the limit for "one of the items enumerated in § 1920" at $30 per day. 482 U.S. at 441–42, 107 S.Ct. at 2497–98.

■ The holding in Crawford, i.e., that the Supreme Court "will not lightly find an implied repeal of § 1821 or of § 1920," *West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 87, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991), does not assist materially in the analysis required in this case. Plaintiffs do not rely on Rule 54(d) to urge the taxability of videotaping costs and their position on the issue does not require an implied repeal of § 1920.[2] To the contrary, a finding that § 1920(2) includes the costs of taking and "transcribing" depositions by stenographic, audio, or audio-visual means gives effect to federal rules provisions that specifically allow for such transcription.

■ *Crawford* stands for the principle that federal costs statutes and the rules of civil procedure are interrelated and must be "rea-

sonabl[y] read[ ] ... together." This principle requires that courts consider related rules and statutes in determining whether specific cost items are included in the categories listed in § 1920. *See Casey,* 499 U.S. at 87, 111 S.Ct. at 1141 (where "[n]one of the categories of expenses listed in § 1920 [could] **reasonably be read** to include fees for services rendered by an expert employed by a party in a nontestimonial advisory capacity," such costs could not be recovered under § 1920 or 42 U.S.C. § 1988 (emphasis mine)).[3] Thus, the question in this case is whether § 1920 can "reasonably be read to include" the costs of taking and recording depositions whether by videotape or by traditional stenographic means.

In *Tilton,* the Tenth Circuit answered this question in the affirmative.[4] There, the court read § 1920(2) in conjunction with Fed.R.Civ.P. 30(b)(2)-(3), which specifically authorizes videotape depositions as an alternative to traditional stenographic depositions, to conclude that § 1920(2) can be reasonably read to include both. 115 F.3d at 1477. I do not read *Crawford* to compel a different result and decline to overrule the Clerk's taxation of videotape deposition costs in this case.

### 2. *Costs for certain stenographic transcripts.*

■ I reject out of hand Defendants' assertion that the depositions of Stephen Ng and Emil Fung were unnecessarily lengthy and that the costs taxed for these depositions should therefore be disallowed. No one who sat through the playing of Mr. Ng's videotaped deposition at trial could hold anyone responsible for its length but Mr. Ng, who

---

ford to be in conflict and need not confront the issue today.

2. In my view, the question of whether "[f]ees of the court reporter for ... the stenographic transcript" includes "transcripts" in the form of videotape is certainly less troublesome than the conclusion, unchallenged by Defendants in this case, that this language includes transcripts of depositions at all.

3. Section 113 of the Civil Rights Act of 1991 legislatively overruled *Casey* by allowing for the recovery of such fees. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 251, 114 S.Ct. 1483, 1489–90, 128 L.Ed.2d 229 (1994).

4. The Tenth Circuit's failure in *Tilton* to mention *Crawford* does not, as Defendants suggest, somehow make it "bad law." *Crawford* deals specifically with the taxation of expert witness fees and does not address the question of deposition costs. Further, *Crawford's* application to the question of videotaped deposition costs was addressed in *Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460, 464–65 (11th Cir.1996), a case cited in *Tilton* and forming in large part the basis for the Tenth Circuit's holding. *See Tilton,* 115 F.3d at 1477, n. 3.

answered literally hundreds of questions with drawn out pauses and mantras of "I don't know" and "I don't recall." The length of Mr. Fung's deposition was the result of Defendants' failure, before the deposition initially convened, to produce certain documents about which Mr. Fung could testify. The deposition was continued and reconvened nearly a year later after those documents had been produced.

In sum, while the taking of Stephen Ng's deposition for five days and Emil Fung's for three days may have been excessive, its prolixity was the result of Defendants' conduct, not Plaintiffs' These depositions were necessary to the case and the costs therefor appropriately taxed by the Clerk.

### 3. *The $49,173 for editing and dubbing videotape depositions.*

■ Defendants also seek review of the $49,173.64 taxed by the Clerk for the editing and dubbing of videotape depositions at trial. Relying again on *Crawford*, Defendants argue these costs are not specifically enumerated in § 1920 and are therefore not taxable. I find these costs to be part and parcel of the "[f]ees of the court reporter" for the deposition "transcript" and tax them for the reasons set forth in subsection (1) above.

I further note that in a series of trial preparation conferences held before commencement of the eleven-week jury trial in this case, the parties discussed and stipulated to a process for presenting videotaped depositions at trial. Counsel agreed to designate the specific questions and answers they would play for the jury, and to have me consider and rule on their various objections before trial commenced. This process shortened greatly the trial time needed to present deposition testimony and promoted a smooth and efficient presentation of evidence for the jury.

Deposition testimony could not have been presented in this manner without the editing and dubbing of the videotape. The editing and dubbing fees constituted fees of the court reporter for transcripts necessary for use in the case and were properly taxed by the Clerk pursuant to § 1920(2).

### B. *Fees and Disbursements for Printing.*

Next Defendants challenge $37,429.69 taxed pursuant to 28 U.S.C. § 1920(3) for charts, photographs and other demonstrative exhibits used at trial. Defendants assert these costs should be disallowed because they were not authorized before trial and were merely illustrative of other evidence and arguments.

■ In a complex commercial trial such as this, charts and other demonstrative exhibits are often necessary for the jury to follow the testimony. I am convinced the demonstrative exhibits at issue aided the jury in understanding the voluminous and complex evidence presented, and that those exhibits were necessary to the case and not "merely illustrative" of expert testimony, other evidence or legal argument. Accordingly, I find these costs were properly taxed by the Clerk, but under 28 U.S.C. § 1920(4).

### C. *Audio-visual presentation*

Finally, Defendants challenge the $12,644.90 taxed by the Clerk for the audio-visual presentation of depositions at trial. I reject Defendants' *Crawford*-based arguments for the same reasons stated in Sections (A)(1) and (3) above. These costs are part of the "[f]ees of the court reporter" for the transcription and presentation of deposition testimony at trial and are taxable pursuant to § 1920(2).

## II. *PLAINTIFFS' MOTION.*

Plaintiffs move for taxation of certain costs disallowed by the Clerk. I grant the motion in part and deny it in part.

### A. *Trial Transcripts ($5,108)*

Both parties ordered selected portions of the daily trial transcript for use in their direct and cross-examination of witnesses, weekly "mini-closings" and summation. Plaintiffs assert these transcripts were necessary for use in the case pursuant to § 1920 and seek $5,108 in costs spent to procure them.

■ Daily trial transcripts may be taxed under § 1920(2) if they were "necessarily

obtained, as judged at the time of transcription." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir.1988) (citing *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 (D.C.Cir.1981)). Again, the nature and length of the trial necessitated the use of numerous conventions such as weekly mini-summations, videotaped depositions and demonstrative exhibits that may have been unnecessary in a shorter or less complex trial. These conventions streamlined the presentation and assisted the jury in understanding the case.

The parties agreed to these conventions before trial. With respect to daily transcripts, both sides ordered and used them in the presentation of their case. These transcripts were necessarily obtained and are properly taxable pursuant to 28 U.S.C. § 1920(2). Accordingly, $5,108 will be added to Plaintiffs' cost award.

### B. *Charts and Other Demonstrative Exhibits Used at Trial but not Specifically Admitted.*

Next Plaintiffs seek $31,969.84 in costs for charts and other demonstrative exhibits over and above the $37,400 taxed by the Clerk. *See* § I(B), *supra.* I will allow these costs in this case, but only because I find the charts and demonstrative exhibits used in this case necessary given its extraordinary length and complexity. I do not advocate a general rule favoring taxation of such costs and limit my ruling to the specific case before me here.

■ I allow these costs under § 1920(4) for the same reason offered by Judge Nottingham for doing so in *Echostar Satellite Corp. v. Advanced Comm'ns Corp.*, 902 F.Supp. 213, 216 (D.Colo.1995). Where, as here, witnesses in a complex commercial case are questioned extensively in front of the jury about the contents of documents, enlargements and other means of contemporaneously placing them before the jurors "are necessary for the jury to follow the testimony." *Id.*

The demonstrative exhibits used in this case were indeed "necessary for the jury" and assisted greatly in the smooth and effective presentation of evidence. I find they fall within the scope of § 1920(4) and allow Plaintiffs their costs in preparing them.

### C. *Copies of Pleadings and Supporting Exhibits Filed with the Court and Provided to Opposing Counsel.*

■ Plaintiffs seek $2,700 in costs related to the copying of "pleadings and supporting exhibits" for filing with the court and for service on opposing counsel. Plaintiffs claim these costs were for "exemplification and copies of papers necessarily obtained for use in the case" and are taxable under § 1920(4).

■ There is no authority for the recovery of costs related to the copying of "pleadings" and motions. The case cited by Plaintiffs does not support the request[5] and I find it completely outside the scope of 28 U.S.C. § 1920(4). Section 1920(4) is ordinarily construed as permitting an award of the "reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials." 6 Moore's Fed. Pra. ¶ 54.77(6) (2d ed.) at p. 1739. The phrase "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. *Id.* at 1741, *applied in EEOC v. Kenosha Unified School Dist. No. 1,* 620 F.2d 1220, 1227–28 (7th Cir.1980).

■ Thus, while the cost of copying exhibits or other evidence attached to a dispositive motion or related brief may be taxable when the party seeking those costs prevailed on that motion, such costs are not taxable when the party prevailed after trial. Under those circumstances, copying and exemplification costs taxable under § 1920(4) are properly limited to those that were necessarily obtained for use at trial. I reject Plaintiffs' request for costs related to the copying of pleadings and supporting exhibits filed with the court and provided to opposing counsel.

---

5. In *Scroggins v. Air Cargo, Inc.* 534 F.2d 1124, 1133 (5th Cir.1976), the party seeking costs prevailed on a motion for summary judgment. The photocopying costs sought related to "exhibits and documents" actually presented to the court pursuant to court order or "prepared for the court's consideration of the motion for summary judgment," *not* the motion and briefs themselves.

**D.** *Expert Witness Fees and Travel Expenses for Depositions.*

Finally, Plaintiffs challenge the Clerk's refusal to tax expert witness fee and travel expenses incurred in connection with depositions. Plaintiffs concede these fees and expenses are not taxable under federal law, but claim they are entitled to them under the Court's judgment as a matter of Colorado law. I disagree.

Plaintiffs' position was squarely rejected by the Tenth Circuit in *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir.1988) (reversing district court's award of expert witness fees pursuant to Colo.Rev.Stat. § 13–33–102(4)). In a diversity case, federal law controls in regard to the assessment of costs. 849 F.2d at 1291. Plaintiffs chose to file their state law claims against Defendants in federal court. They are bound by federal rules and procedure, specifically including Fed.R.Civ.P. 54(d). Federal courts, in turn, are bound by the limitations set out in 28 U.S.C. § 1920 and § 1821 in their ability to shift the cost of a prevailing party's expert witness fees.

BASED ON THE FOREGOING, the Clerk's taxation of costs is APPROVED with the modifications discussed. To the amount taxed by the Clerk as costs shall be added (1) the sum of $5,108.00 for portions of the daily trial transcript which I find to have been necessarily obtained for use during trial and therefore taxable under 28 U.S.C. § 1920(2); and (2) $31,969.84 in costs for additional charts and demonstrative exhibits which I find to have been necessarily obtained for use at trial and taxable under § 1920(4).