Cynthia SMITH, Plaintiff,

v.

BLUE CROSS/BLUE SHIELD, INC., Defendant.

No. 94–4053–DES.

United States District Court, D. Kansas, Topeka Division.

Jan. 19, 1999.

James E. Benfer, Beth R. Foerster, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Cynthia Smith.

Todd N. Tedesco, Foulston & Siefkin L.L.P., Wichita, KS, Jane Chandler Holt, Blue Cross and Blue Shield of Kansas, Inc., Topeka, KS, Alan L. Rupe, Kelly J. Johnson, Husch & Eppenberger, Wichita, KS, for Blue Cross and Blue Shield of Kansas, Inc.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's objections to Bill of Costs (Doc. 96) and Motion for Review of Bill of Costs (Doc. 99). Both parties have submitted briefs on these matters and the court is ready to rule.

### I. BACKGROUND

The plaintiff initiated this suit seeking damages under the Americans with Disabilities Act ("ADA"). This court granted summary judgment in favor of the defendant and the Tenth Circuit Court of Appeals affirmed that ruling. The defendant then submitted a bill for costs pursuant to Rule 54(d). The Clerk of the Court assessed costs in the amount of $3,622.03 against the plaintiff.

The plaintiff has filed both of the current motions seeking relief from the assessment of costs ordered by the clerk.

### II. OBJECTION TO BILL OF COSTS

The plaintiff makes several objections to the bill of costs submitted by the defendant. Objections one, two and four are all based upon the same legal theory—*Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471 (10th Cir.1997), precludes the recovery of the costs associated with depositions and transcripts which were not relied upon by the defendant in its motion for summary judgment. The court finds that this argument is totally without merit.

*Tilton* held that the district court properly taxed costs of transcripts that were used by the court in ruling upon a motion for summary judgment. *Id.* at 1474. This appears to be the basis for the plaintiff's claim. However, the court also refused to overturn the district court's assessment of costs for deposition transcripts which were not used in the motion for summary judgment. *Id.* Nothing in the *Tilton* opinion stands for the proposition that a party is only entitled to recover their costs on items that were actually used in a motion for summary judgment that disposes of the case. Similarly, nothing in Rule 54(d) places such a limitation on the prevailing party. This court is not willing to create such a limitations in this case.

The plaintiff has not shown the court any reason why these costs should not be included in the defendant's bill of costs. They all appear to be reasonably related to the trial in this matter. Therefore, the objections relating to costs for items which were not used in the motion for summary judgment, based on the *Tilton* opinion, are denied.

The plaintiff next complains of copies for medical records which she claims were duplicative. The defendant has responded that the most of the copies were not duplicative because they were obtained prior to the plaintiff's deposition, where additional copies were provided to the defendant. However, the defendant does concede that, due to a mathematical error, the costs should be reduced by $40. The defendant claims that the

remaining costs for copies complained of by the plaintiff were costs paid to the court reporter in connection with a deposition taken by the defendant.

The court finds that the costs for the copies complained of by the plaintiff are proper. The plaintiff has failed to show that these were duplicative or unnecessary costs on the part of the defendant. Therefore, the court denies the plaintiff's objections to these costs, with the exception of reducing the amount awarded by $40, as requested by the defendant.

■ The final objection raised by the plaintiff is for the printing costs associated with the defendant's appellate brief for the Tenth Circuit. Fees and disbursements for printing is specifically authorized by 28 U.S.C. § 1920. The court finds that the fees taxed by the clerk for the copying of the brief were properly included in the bill of costs.

### III. MOTION FOR REVIEW OF BILL OF COSTS

■ The plaintiff has requested relief from the defendant's bill of costs for several reasons. Although the court has considered each of the plaintiff's basis for relief, only those which the court finds may have merit will be discussed. The court has discretion not to tax the defendant's costs against the plaintiff in this case. Fed.R.Civ.P. 54(d). However, there is a presumption that costs should awarded to the prevailing party. *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1526 (10th Cir.1997).

■ The first basis for relief forwarded by the plaintiff is that the case presented issues that were close and difficult. The court finds that this is not the case. The court has reviewed this case and finds that the issues presented do not warrant relief from the taxation of costs because they were "close and difficult."

■ The plaintiff next requests relief because she is indigent. The plaintiff claims that because she is only making approximately $14,560 a year, she should not be held to pay the defendant's costs in this case. The court disagrees. The costs assessed in

this case total approximately $3,600. The court finds that this is a reasonable amount to be repaid by someone with an annual salary equal to that of the plaintiff. The plaintiff's claim of indigence is not sufficient to overcome the presumption that the plaintiff is responsible for the defendant's costs in this case.

■ The plaintiff also claims that changes in the law surrounding the ADA warrant relief. The plaintiff points out that the Tenth Circuit Court of Appeals has ruled that the fact that a plaintiff in an ADA case has filed a Social Security Disability application is no longer dispositive on whether or not they are a "qualified individual with a disability." *Smith v. Midland Brake,* 138 F.3d 1304, 1312 (10th Cir.1998). The court fails to see how this opinion affects this case at all. Neither this court, nor the Tenth Circuit Court of Appeals, ever ruled that the plaintiff in this case was not a "qualified individual with a disability" under the ADA based upon a Social Security Disability application. The ruling that the plaintiff was not a qualified individual was based on her deposition testimony that she was not able to return to work and did not know when she would be able to do so. This argument totally lacks any merit and clearly provides no basis for relief.

The court finds that the plaintiff's claims that the Equal Employment Opportunity Commission ("EEOC") guidelines show that relief should be granted are clearly insufficient to afford relief.

The plaintiff next claims that relief should be granted because there were no Supreme Court rulings on the ADA at the time summary judgment was granted in this case. She claims that had there been guidance from the Supreme Court, certain issues in this case would not have been as difficult. The plaintiff does not discuss what issues could have been clarified by the Supreme Court. The court fails to see how guidance from the Supreme Court could have benefitted the plaintiff in this case. The facts and legal issues were neither difficult nor complicated. The fact that no Supreme Court

cases were available for guidance is no basis for relief from the costs in this case.

The plaintiff next argues that the court should not assess costs in this case to penalize the defendant. None of the conduct complained of by the plaintiff warrants such a ruling. The fact that the Tenth Circuit found, when viewing the facts in a light most favorable to the plaintiff, that one of the plaintiff's supervisors may have been insensitive to her on one occasion is hardly grounds for punishing the defendant. Similarly, giving the plaintiff work that was outside of the agreed upon reduced job duties on one occasion is not severe enough conduct to make the defendant be held responsible for its own costs. Although the plaintiff brings forward other reasons for punishment, the court finds that each of them are insufficient to afford the plaintiff relief.

The plaintiff also raises the issue of not being responsible for the costs of depositions that were not used in support of the defendant's summary judgment motion. Based on the ruling earlier in this order, this is no basis for relief.

## IV.  CONCLUSION

The court finds no reason to grant relief to the plaintiff in her request to not have the defendant's costs assessed against her. The court has considered each of the plaintiff's reasons for requesting relief and finds that none of them individually, or taken as a while, are sufficient to overcome the burden that the prevailing party is entitled to its costs.

IT IS THEREFORE BY THIS COURT ORDERED that the plaintiff's Objections to Bill of Costs (Doc. 96) is granted in part and denied in part. The amount of costs is reduced to $3,582.03 to compensate for the defendant's mathematical error.

IT IS FURTHER ORDERED that the plaintiff's Motion for Review of Bill of Costs (Doc. 99) is denied.