**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LILLIAN F. SANDLE,

      Plaintiff-Appellant,

  v.

ANTHONY J. PRINCIPI, Secretary,
Veterans Affairs; E. THORSLAND,
JR., Director VA Medical Center; ED
SANCHEZ, Chief, Human Resources,
Denver VA Medical Center;
RAYMOND (RAY) DELUNA, Human
Resources, Denver VA Medical
Center; UNITED STATES OF
AMERICA,

      Defendants-Appellees.

No. 04-1482
(D.C. No. 02-BB-1358 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Lillian F. Sandle appeals from orders of the district court granting defendants' motions for summary judgment.  She also claims the court erred in denying her motions to appoint counsel and in affirming the clerk's award taxing costs against her in the amount of $673.75.  For the reasons below, we find no error and affirm.

Plaintiff is a nurse formerly employed by the Department of Veterans Affairs (VA) at the VA Medical Center in Denver, Colorado.  In 1991, the VA terminated her employment because she suffered an injury and could no longer perform her job duties.

Prior to and following her termination, plaintiff had filed six separate complaints of discrimination with the VA.  All of her complaints were eventually resolved via a written settlement agreement with the VA, which was executed in 1997.

In addition to paying plaintiff money, the settlement agreement obligated the VA to give her "[p]riority placement within six months from the date of this agreement (from the list of positions provided by [plaintiff])" that was to be filled by the VA at its Denver facility, and for which she was qualified.  R. I, doc. 97, Ex. A-1 at 1.

Plaintiff later contended that the VA failed to give her priority placement for several positions and as a result of this alleged breach, she filed a new administrative complaint in 1998. Her new complaint was eventually dismissed by the VA's Office of Resolution.

On appeal from the Office of Resolution's dismissal, the Equal Employment Opportunity Commission (EEOC) reversed the agency's decision, and held the settlement agreement invalid. As a consequence of its finding of invalidity, the EEOC ordered the VA to reinstate all of plaintiff's complaints that had been pending at the time the agreement was executed. Thus, the parties were returned to their pre-settlement agreement status.

Following reinstatement and reconsideration of plaintiff's pre-settlement complaints, the VA denied her claims. Following an unsuccessful appeal, the EEOC issued its decision on March 27, 2002, denying plaintiff's request for reconsideration. Among other things, the EEOC's decision stated: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." R. I, doc. 44, Ex. A at 1 (emphasis in original).

On July 3, 2002, plaintiff filed her lawsuit, which contained six claims for relief: claims one through four were based upon an alleged breach of the

settlement agreement; the fifth claim was for misrepresentation; and the sixth claim asserted violations of Title VII, the ADEA, and the Rehabilitation Act.[1]

## Summary Judgment

Plaintiff admitted that she received the EEOC's decision on April 3, 2002. However, she did not file her lawsuit until July 3, 2002, which is 91 calendar days after receipt of the decision. Nonetheless, she claims error as to the district court's order holding that her sixth claim for relief was time barred.

This court reviews the district court's grant of summary judgment de novo, viewing the evidence and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party. *Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1175 (10th Cir. 2001).

After reviewing the record, we conclude that the district court properly granted summary judgment on plaintiff's sixth claim for relief because she failed to file her complaint within 90 days following receipt of the EEOC's final decision on April 3, 2002. As such, we affirm the order for summary judgment for the reasons set forth in the court's Order Granting Summary Judgment dated November 20, 2002.

---

[1] The district court granted plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

We likewise affirm the district court's order on summary judgment concerning plaintiff's five remaining claims. Here, the court correctly identified her second, third, and fourth claims as alleging a breach of the settlement agreement, which the EEOC held was invalid.

As to plaintiff's first claim for relief, the district court characterized this claim as alleging both a breach of the settlement agreement and a mishandling of her prior administrative complaints. In addition to the fact that the EEOC held the agreement invalid, her grievances about the mishandling of her prior complaints were necessarily resolved when the EEOC reinstated those complaints for further consideration.

Finally, the district properly granted summary judgment on the misrepresentation claim, because the United States had not waived sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 2680(h).

Therefore, we affirm the order for summary judgment on plaintiff's remaining claims for the reasons set forth in the district court's Order dated November 1, 2004.

### Appointment Of Counsel

On three separate occasions, plaintiff requested that the district court appoint counsel to represent her in the lawsuit. Each time, the court denied the motion in a written order.

There is no constitutional right to counsel in either a Title VII case or other civil case. *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (civil case). There are, however, two statutes that apply to a case such as this: the first is 42 U.S.C. § 2000e-5(f)(1), which allows a court to appoint counsel for a claimant in a Title VII case; the second is 28 U.S.C. § 1915(e)(1), which allows a court to attempt to obtain counsel for an in forma pauperis person in a civil case.

In exercising its discretion to appoint counsel in a Title VII case, the district court should consider: (1) the financial inability to afford counsel; (2) diligence in searching for counsel; (3) the merits of the claims; and (4) the ability to present the case without counsel. *Castner*, 979 F.2d at 1420-21. In the exercise of its discretion to seek volunteer counsel in other civil cases, the court should consider: (1) the merits of the claim; (2) the nature of the factual issues raised in the claims; (3) the ability to present the claims; and (4) the complexity of the issues raised by the claims. *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995).

This court reviews the denial of a request for counsel in Title VII cases and other civil cases under the same standard–abuse of discretion. *Castner*, 979 F.2d at 1422-23; *Rucks,* 57 F.3d at 979.

Here, the record demonstrates that the first two orders considered the relevant factors for appointing counsel in Title VII cases, including those announced in *Castner,* and applied those factors to the facts presented by plaintiff. The third order, which was entered after plaintiff's Title VII claim had been dismissed, considered the relevant factors outlined in *Rucks* and applied those factors to the facts presented by plaintiff. We find no abuse of discretion.

Costs

In its order for summary judgment dismissing plaintiff's first through fifth claims, the district court ordered that defendants be awarded their costs as the prevailing parties. Defendants timely filed their bill of costs, and the clerk taxed costs in the amount of $673.75 ($559.75 for fees for the transcript and court reporter for plaintiff's deposition and $114.00 for the cost of copying defendants' two motions for summary judgment, their replies, and a supplemental motion). The court later denied plaintiff's Fed. R. Civ. P. 54(d) motion for judicial review of costs.

As she did in the district court, plaintiff claims on appeal that the court's order was error, because she is "indigent." Suppl. R. I, doc. 148 at 3. Defendants claim that an award of costs is proper against an in forma pauperis party pursuant to 28 U.S.C. § 1915(f)(1), and that 28 U.S.C. § 1920 authorizes recovery of these costs.

We review the district court's award of costs for an abuse of discretion. *See Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1474-79 (10th Cir. 1997) (reviewing several items of costs awarded under 28 U.S.C. § 1920).

Federal R. Civ. P. 54(d)(1) provides for costs to be awarded to the prevailing party as a matter of course, unless the court otherwise directs, and "[e]xcept when express provision therefor is made . . . in a statute of the United States." The in forma pauperis statute, 28 U.S.C. § 1915(f)(1), provides: "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings," with certain exceptions that do not apply in this case.

There is no question that the costs awarded by the district court are recoverable under 28 U.S.C. § 1920, and case law interpreting the statute. *See, e.g., Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (costs of taking and transcribing depositions); *Tilton*, 115 F.3d at 1475 (copying costs). Instead, the only issue is whether the court abused its discretion in awarding costs against plaintiff and in favor of defendants as the prevailing parties, because she is indigent. We conclude that the court did not abuse its discretion.

Indeed, this court reached a similar result in *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004). In *Rodriguez*, plaintiffs who were indigent and lost a close and difficult case, argued that they should not have to pay defendants' costs. *Id*. at 1190 (quotation marks omitted). While we

acknowledged that a court may consider indigent circumstances in exercising discretion whether to award costs, we concluded that the district court did not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent. *Id*. at 1190-91.

The judgment of the district court is AFFIRMED.


Entered for the Court


Terrence L. O'Brien
Circuit Judge